20-5216 et al. Edward Banks et al v. Quincy L. Booth in his official capacity as Director of the District of Columbia Department of Corrections and Leonard Johnson in his official capacity as Warden, D.C. Department of Corrections, Abellants, United States. Mr. Schifferle for the Abellants, Mr. Marcus for the Abellites. Mr. Schifferle, good morning. Good morning. Please proceed. Thank you. Good morning. It may have pleased the court, Carl Schifferle for the defendants. I would like to reserve two minutes for rebuttal. The preliminary injunction should be vacated for several reasons. First, it automatically expired by operation of the Prison Litigation Reform Act. The only issue on appeal being whether the injunction was entered in, quote, any civil action with respect to prison conditions. It clearly was. Alternatively, plaintiffs failed to establish the four requirements for preliminary injunctive relief, particularly where they failed to show the deliberate indifference necessary for a constitutional violation and Manil liability, both of which would be required to succeed on the merits. Even if all four factors were satisfied, the preliminary injunction was not narrowly tailored, and the district court later erred in denying reconsideration, failing to apply the requisite flexible approach and to recognize the changed circumstances warranted vacater. As to the first reason, the PLRA applies here. It follows directly from how the plaintiffs presented their claims below, and the district court decided them at the preliminary injunction stage. As you know, in the Southern District of New York, the court concluded that it did not apply where we're dealing with the COVID conditions. What's your response there? So there are several responses. I would start with how the plaintiffs did characterize their claims, that their claims regarding the conditions of confinement, the conditions related to COVID, were claims brought under Section 1983, that their claims for release were claims under habeas. The preliminary injunctive relief under Section 1983, conditions of confinement, but not as to the habeas claims for release. So we have that distinction. We also have the fact of applying that to the express language of the PLRA. It does apply with respect to prison conditions and further defines that phrase as any civil proceeding arising under federal law with respect to the appellees say they have, in this case, raised habeas proceedings challenging the fact of confinement. Well, as I said, the relief was granted on the Section 1983 conditions of confinement, not with respect to release. In any event, it wouldn't matter because the PLRA would still apply. This case is about conditions of confinement. It was this but for conditions of confinement. It also follows from this court's precedent in Blair Bay and in Ray Smith, where the court recognized the conditions of confinement claims are quote precisely the type of claims that the court applied the PLRA, first of all, to mixed claims. That's where a conditions of confinement or a traditional civil claim was joined with a habeas or other type claim. Those mixed claims, the PLRA applies. This court held this court also applied the PLRA even to just habeas claims, where those habeas claims are based on conditions of confinement. Again, that's- Let me ask you then, what finding did the district court fail to make, in your view, such that her injunction would not extend beyond 90 days? It's not even contested that the district court failed to make the requisite findings under the PLRA. There's no argument from the plaintiffs on appeal that it was made. What was not made was the need, narrowness, intrusiveness findings. The district court did not mention the PLRA or these requisite findings. It did not make the findings, the need, narrowness, intrusiveness findings. It didn't even- Was any of this brought to her attention by the parties? The district in opposing the preliminary injunction did alert the district court that under the PLRA, that these findings were necessary, that the court would have to make these findings. The court was unable to, or unwilling to make those findings. As a result, certainly the district court was on notice of this deficiency. Thank you. And the other requirement of the PLRA in order for the automatic expiration provision not to kick in was that the order be made final within 90 days. Again, that requirement was not satisfied in this case either. As a result, the preliminary injunction did expire by operation of the PLRA after 90 days. Again, this is not disputed by the plaintiffs at all on appeal. All that is disputed is whether the PLRA applies in the first place. I think we've established based on how the claims were presented below, the expressed terms of the PLRA, this court's precedent, which recognized not only the purpose of the PLRA and addressing conditions of confinement claims, but making sure that plaintiffs could not evade the requirements of the PLRA simply by dressing up their claims in a certain garb or joining a habeas claim or a claim for release with- Let me back you up two things. First, on the New York decision, are you conceding that that decision was correct? I mean, you distinguish the case, but do you need to? It's not controlling. That's correct, Your Honor. It's not controlling. It's easily distinguishable. Well, never mind distinguishable. You're not conceding it was rightly decided, or are you? We are not conceding that, no. The second thing, as far as the suit addressing the fact of confinement, does it really address the fact of confinement when the whole basis for attacking confinement is the conditions of confinement? They didn't say, you can't lawfully hold me. They said, you can't lawfully hold us under these conditions. Is that not correct? That's absolutely correct, Your Honor. This is the heartland of the PLRA. It's a conditions of confinement claim. This case would not be here but for conditions of confinement. In the complaint, the plaintiffs alleged a whole set of conditions that they sought to be improved. The only one aspect of that was downsizing. It was not even downsizing such that it would result necessarily in the plaintiff's own release. That was not necessary in order to ameliorate the plaintiff's injury. So it's not what was alleged below. It's not plaintiff's contention below. And even if it the PLRA would still apply its own express terms and conditions because this is an action with respect to conditions of confinement. And the PLRA recognizes as well that even in conditions of confinement cases to which it applies, release may sometimes be necessary relief. That's why it has a specific provision in paragraph A3 addressing prisoner release orders. So there's nothing that and this is exactly that type of case where the district court has entered a fairly broad injunction governing large aspects of jail administration. This is what the PLRA was intended to address. If there are no further questions on the PLRA, I would like to address the merits quickly in my remaining time. There was no intentional or reckless disregard of the risks of COVID by Department of Corrections officials. To the contrary, the undisputed evidence was that the department immediately undertook extensive and broad measures, robust measures designed to address those risks based on the guidance of CDC, DC Health and other experts. This included entry screening, suspending in-person visitation, educating inmates and staff on preventive measures, also testing, isolating, quarantining inmates based on public health guidance, including quarantining all new admissions for 14 days. There was a medical stay-in-place order that was properly implemented, limiting inmates to one hour out of cell time per day. There was a significant reduction in the jail population through the actions of the district and other criminal justice partners, decreased it by 16% within three weeks by 27% within the first two months. There is no dispute that the Department of Corrections undertook other policies and procedures with respect to social distancing and enhanced sanitation. Although the district court found fault with the implementation or enforcement of those particular policies, there was no dispute that the content of those policies were appropriate and also that efforts had been made to implement and enforce them, even if those were not in the case of constitutional liability. This court has repeatedly held in cases like Franklin and Scott, at most what is at issue is the failure of subordinates to implement policies, but that cannot suffice for constitutional liability. I do want to save some time for rebuttal, and I see that I am running low. If there are any further questions from the audience, I will be available. Mr. Marcus. Good morning, and thank you, Your Honor. The district court's injunction was and is critically necessary to protect the health and safety of 1,500 Department of Corrections residents and hundreds of DOC staff whose union supported the issue. Does that address the motion for dismissal? Yes, Your Honor. Why isn't the motion well taken, the 90-day rule motion? For two reasons, Your Honor. The first is the text of the Prison Litigation Reform Act. Tell me what part of that text doesn't apply here. The PLRA only applies to civil actions with respect to prison conditions, but expressively. Exactly, and isn't this a civil action with respect to prison conditions? No, Your Honor. At its core... It's not a prison action? At its core, this is a habeas petition challenging the fact of confinement. There is no doubt that in this... Wait a minute. The fact of confinement or the conditions of confinement? As I read your complaint, you're attacking the conditions. You're saying you can't hold me under these conditions. You're not saying you can't hold me. Is that not correct? Our complaint does address the very fact of confinement, Your Honor. It says you can't hold us? It says you can't hold us at all? It says that during the coronavirus pandemic, a disease that spread in congregate facilities like COVID transmits rapidly in those settings. And so our petition did seek release for everyone. For all of the named plaintiffs and for all of the proposed class members in the action on the basis that the mere fact of being held in a closed, cramped facility... In a closed, cramped... In a closed, cramped... Being held in a closed, cramped... If they had not been held in a closed, cramped, would you have had a case at all? If the courts had... In home confinement or solitary confinement with hospital conditions, would you have had a... You don't allege anything about the fact of being held. You had alleged something about being held under these conditions, don't you? Your Honor, I do understand that this is a bit of a gray area, but we did allege... This is a bit of a stretch. This is more of a gray area. We did allege that the mere fact of being held in a prison facility... In a prison facility. Which by its very nature is a closed, cramped, congregate facility. The facts alleged in this case... Okay, you're not going to get anywhere, so I'll leave you alone. Well, I'll just direct the panel to the Sixth Circuit's analysis in Cameron versus Bouchard, which is directly on point here. In that case, the plaintiffs and petitioners brought a joint 1983 and habeas petition. Challenging the fact of confinement. And they alleged both. That the conditions in that facility led to the claimed injuries. And that release was the key remedy that the district court should grant. Now, the district court declined to grant release. It only issued an injunction that addressed the conditions of confinement. But nevertheless, the Sixth Circuit concluded that the core of that challenge was a habeas petition to the fact of confinement. Even though the petitioners also challenged the conditions of confinement. Now, the application of that case in this district is even stronger. Because in the D.C. Circuit, unlike the Sixth Circuit, petitioners can challenge the conditions of confinement in a habeas petition. That was this court's square holding in Amherst versus Obama in 2014. All of the claims that the plaintiffs and petitioners brought here could be brought under habeas. Challenges to conditions of confinement are appropriate. And where the core of a challenge is to the fact of confinement. And where the core remedy being sought is released. The PLRA doesn't apply. And for this circuit to understand that the core was released. We direct you to the complaint and petition itself. Well, that's what I've been looking at. And I want to know where I can find what you're telling me. Your Honor. Yes. A couple of places in the complaint and petition. Paragraph 7. Plaintiffs claim that downsizing is the only way. The only way to minimize harm done by COVID-19. Paragraphs 33 to 47. Discussing generally the cramped conditions of prisons. And then paragraphs 133 to 138. Which discuss specifically why downsizing is the only remedy. The only remedy that can provide relief to plaintiffs and petitioners. I understand that. But I don't see the request for release of everybody. That was the first form of relief requested, Your Honor. Was writs of habeas corpus. For as many members of the proposed class as would be necessary. To safely allow for social distancing in the facilities. Precisely the same form of relief. You were recognizing there that others could be held under the conditions that would then prevail. That's correct. In other words, this is precisely about conditions of confinement. Not the fact of confinement. Because you do acknowledge in that part of your complaint even. That the fact of confinement can continue. It's just the conditions of confinement that you're attacking. I mean, that's in your prayer for relief. For relief. Yeah. That's correct. The central argument was that release of a significant number of residents of DOC. Would be necessary for social distancing. Would be necessary to cure the constitutional problems in DOC. Exactly the same kinds of claims, Your Honor. Mentioned in the Southern District of New York. And Fernandez Rodriguez. And exactly the same kinds of claims that were brought in Cameron versus Bouchard. And I want to explain why this makes sense. Not just the text of the PLRA. Which expressly excludes challenges to the fact of confinement here. But the purpose as well. So that when a petitioner challenges the fact of confinement. When a petitioner says release is the central remedy. That implicates the most serious liberty interest. And it would make sense for Congress not to erect. The most significant gatekeeping to those kinds of remedies. Would not we have expected. Had Congress been thinking as you're saying. Would we not we have expected that this 90-day provision. Would have said that it does not apply in cases where. The conditions are the basis of the. The habeas type claim. Well, Congress did say it applies to challenges to conditions. So for instance, that's what it says. Right. That's what it says. And if they intended to exclude cases where those conditional claims. Include a recitation that you let part of them go and keep part of them. Wouldn't Congress have had some provision. Excluding those from the 90-day requirement. I think that provision does exist in this exception. Excluding challenges to the fact of confinement. Where release for hundreds of people is the central remedy. That Congress has already. The order here that we're having the motion about. Did not involve release at all, did it? That's correct. Addressing simply the conditions of confinement wasn't. That's correct. Doesn't this then constitute a civil action. With respect to condition of confinement. I don't think so, your honor. And I think that looking at the relief that the court. Ordered is not what the text of the PLRA requires. The text of the PLRA requires looking at the proceeding. Civil action challenging or a habeas corpus proceeding challenging. And we think that's the analysis that should apply here. You think you can take this out of the PLRA. By joining your conditions claim with. A plea for relief. Yes, we're the core of the challenges. Wouldn't Congress have recognized that? I think that Congress did recognize that by creating different. They just didn't write it down. Well, Congress does did create a regime for review of habeas proceedings. And there's significant gatekeeping hurdles to bring a habeas proceeding. That the district court has to order a response in the 1st instance. So the district court regularly reviews petitions that might be frivolous. There might be exhaustion. In fact, there are exhaustion requirements for habeas proceedings. So it's not as if there aren't. Barriers set up for it would have been very easy. If Congress intended to let habeas. Joinder take out the conditions claim for Congress simply to make a cross reference. Well, that would be a very simple thing. If Congress meant to do what you're saying that Congress meant to say. You can put in some language about habeas. And take the case of the civil action over conditions out of the PLRA. And that's what you're saying that Congress did. But we can't find the Congress needed anywhere. We think that by including that phrase. Excluding habeas petitions. Challenging the fact of confinement. Congress did recognize that. Have you ever heard Justice Scalia's remarks about mouse holes? Yes, sir. Okay. You think Congress hit an elephant that size. And a mouse hole this small. Well, we dispute that it's an elephant. As the southern district referred to. These cases that address the fact of confinement are quite rare. And they have arisen during COVID. Because the very nature of the injury there. It does stem directly from the fact of confinement. Being confined in cramped, crowded facilities. I did want to mention briefly why remand would be appropriate here. And just direct the court's attention to Hudson versus Hardy. In that case, this circuit was confronted with a question. Of whether an action sounded in habeas. Or sounded in civil action. There the district court did not have a chance to address. The nature of the proceeding in the first instance. Here the district court has not had a chance. To address the application of the PLRA. And so we think that remand to the district court. To ask these very probing questions. Would be helpful. And this court would have the benefit. Of a fulsome opinion to review on appeal. As is the normal course. But counsel for appellants cited. What was it he cited? Where the PLRA was brought to the district court's attention. So your honor, I think that's not correct. I don't think that appellants raised this issue before the district court. Appellants, while their motion for reconsideration was pending. Before the district court. Where appellants would have had every opportunity. To alert the district court. We think the injunction has expired. And appellants didn't do so. They filed a suggestion of mootness in this circuit. And even when appellees said. This issue would be best presented to the district court. In the first instance. Appellants nevertheless declined. To present this issue to the district court. And so this court does not have the benefit. Of a district court opinion on this complex issue. Is that this was only raised by the district. In a motion for reconsideration. No, the district declined to raise this. In a motion for reconsideration. They raised this the application of the PLRA. In the first instance before the circuit. Well, I just want to be clear. And I'll ask Mr Schiffley about this. I understood him to say that the district had. Opposed the entry of a preliminary injunction. By referencing the findings that were required. The district court. The district court did. Did oppose the preliminary injunction. But did not raise this issue. The application of the PLRA. However, if this if they're correct. Then this is a jurisdictional question. Isn't since we're talking about mootness. And jurisdictional questions. Can be raised at any time, right? That definitely your honor. And the courts obligated. Of course, obligated. Even if they're not raised. We're obligated to pass on jurisdictional questions. Are we not? That's correct. That was that was the exact situation. And Hudson versus Hardy as well. Your honor. The same question of mootness. The same question of how. How a petition should be characterized. And nevertheless, in that case. The circuit did remand to the district court. To decide in the first instance. There are no more questions. Mr Schifferly. I know that Judge Rogers. At least has a question for you. Yes, Mr Schiffley. You heard me talking. Saying I may have misunderstood what you said. As to when the district raised. The application of the PLRA. While in the district court. So in the district court. Actually beginning even before the opposition. To the motion for preliminary injunction. The district did raise the. Applicability of the PLRA. I did mention specifically in opposition. To the preliminary injunction. And this is at page 39 of the defendant's opposition. The defendant specifically cited section 3626. And the requirement of need. Narrowness intrusiveness findings. That they would have to make be made. In order to justify the preliminary injunction. And again, the district court did not. Or was unable to make those findings. And further, there was no dispute. That the PLRA actually applied. To the plaintiff's section 1983 claims. The district also raised an argument. Under the PLRA of failure to exhaust. And the plaintiffs did not suggest. The PLRA did not apply. To their section 1983 claims. They argued that exhaustion had occurred. And likewise, the district court. Never even suggested the PLRA didn't apply here. It went ahead and decided exhaustion. On the merits. And so it was clearly sort of raised. And preserved. And the district court was clearly alerted. Below to this issue. I wanted to address. To continue my opponent's arguments. That first of all, this was not a case. Where a lease was sought for everybody. There was no claim that the jail had to be emptied. There was no claim. The plaintiffs themselves needed to be released. There was simply a claim. That the population should be downsized to some extent. But that was also simply to ameliorate. A condition of confinement. That is to enable social distancing. So again, this is a conditions of confinement case. Also that the plaintiff's argument. While this could have been brought in habeas. Is a moot point. Because the plaintiffs chose. Not to bring their conditions of confinement. Claims under habeas. They chose to bring it under section 1983. They made clear to the district court. That that was the basis of their claims. And that specifically. At the April 22nd transcript. At page 20. Which we did cite to in our brief. That's where that characterization. Was specifically made to the district court. I think Judge Sentau, you are correct. That there is a concern here. That if the PLRA can simply be evaded. If a plaintiff can simply tag on. Claim for release under habeas. To any conditions of confinement claim. And simply say, well I need to be released. Because of these conditions. Then the PLRA could be easily circumvented. In any case. Just by adding that on. And that's something that obviously. Should not be permitted. It's something this court did not permit. In Ray Smith. And that should be followed here. I would finally just note. The Supreme Court's decision. In Porter versus Nussel. Again applying a very broad. Reading to a conditions of confinement claim. It applied it to a claim of excessive force. A single incident. Applying it broadly. And again in Porter versus Nussel. The Supreme Court recognized the importance. Of not allowing the PLRA to be evaded. Simply by clever pleading. And so. All right. If there are no more questions. And counsel. Thank you. Your case is submitted. And Madam Clerk. If you would call the next case.
judges: Henderson, Rogers, Sentelle